

**U.S. BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**

**ENTERED**
TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET



**The following constitutes the ruling of the court and has the force and effect therein described.**

United States Bankruptcy Judge

Signed July 05, 2011

---

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| IN RE: <br> EDDIE DWAYNE BRYANT AND NELDA SUE BRYANT, <br>    Debtors <br><br> THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JPMORGAN CHASE BANK N.A. AS TRUSTEE FOR RAMP 2006RP4, <br>    Movant <br> vs. <br><br> EDDIE DWAYNE BRYANT AND NELDA SUE BRYANT, Debtors and WALTER O'CHESKEY, Trustee, <br>    Respondents | § § § § § § § § § § § § § § § § § § § § § | CASE NO. 10-10316-RLJ-13 <br><br> CHAPTER 13 <br><br><br> HEARING DATE: July 6, 2011 <br> HEARING TIME: 11:00 A.M. |

**AGREED ORDER MODIFYING AUTOMATIC STAY**

Came on for consideration the *Motion for Relief from Stay* ("Motion") filed by The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP41, their successors and/or assigns ("Movant"). Having considered the Motion, any and all responses filed thereto, and the agreement of counsel, the Court is of the opinion that the following *Agreed Order Modifying Automatic Stay* should be entered. It is therefore, **ORDERED** that:

1. **Automatic Stay:** The automatic stay provided by 11 U.S.C. §362 shall remain in effect, except as provided below.

2. **Current Monthly Payments:** Beginning July 1, 2011 and continuing on the first day of each month thereafter, Debtors' shall remit directly to Movant the regular post-petition monthly mortgage payment pursuant to the Note and Deed of Trust referred to in the Motion. All payments shall be made directly to Movant at the following address:

> GMAC Mortgage, LLC
> 3451 Hammond Avenue
> P.O. Box 780
> Waterloo, IA 50704-0780

Movant shall notify the Chapter 13 Trustee in the event that the automatic stay is terminated pursuant to the terms of this order or by agreement of the parties. Notice of termination of the stay shall also constitute a request that the Chapter 13 Trustee cease disbursements on the claim filed by Movant in this proceeding. Movant reserves the right to file a claim for any unsecured deficiency balance arising from any subsequent sale of the Property.

3. **Amendment/Modification of Chapter 13 Plan**: Upon entry of this Order, Movant

---

1 GMAC Mortgage, LLC is the servicer of the subject loan for The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP4.

shall amend its Proof of Claim to include the secured post-petition arrearages in the amount of $3,318.28, which represents one (1) post-petition payment of $630.41, plus three (3) post-petition monthly mortgage payments of $630.83 each plus four (4) post-petition late charges of $26.97 each for the months of March through June 2011, plus a Speedpay fee in the amount of $12.50, less a suspense balance credit of -$78.95, plus attorney's fees of $525.00 and filing fees of $150.00. Within thirty (30) days after entry of this Agreed Order, Debtors shall file a modification of the confirmed Chapter 13 Plan to provide for payment of Movant's secured post-petition arrearages referenced herein, in addition to Movant's secured pre-petition arrearage claim of $3,141.80, for a total secured arrearage claim in the amount of $6,471.33 to be paid through the Debtors' Chapter 13 Plan with applicable interest. It is Debtors' responsibility to ensure that the modified Chapter 13 Plan is timely filed and approved by the Court.

    4.    **Chapter 13 Plan Payments:** Debtors shall make all Trustee payments promptly when due according to the provisions of their Chapter 13 Plan. Debtors shall pay Movant's entire secured pre-petition arrearage claim through their Chapter 13 Plan.

    5.    **Default:** Should Debtors default on any terms of this order, Movant shall mail notice of the default to Debtors, their attorney, and the Trustee by U.S. First Class Mail, postage prepaid. Should Debtors not cure the default plus pay Movant's $50.00 default letter charge, within ten (10) days of the date Movant mails the notice, the Automatic Stay of 11 U.S.C. §362 shall be and is hereby ordered lifted with respect to Movant's collateral. Debtors' right to cure a default within the prescribed ten (10) day period is limited to three (3) such events, and nothing contained herein shall entitle Debtors to cure a fourth (4th) or subsequent default as to the terms of this Agreed Order. In the event of termination of the automatic stay for any reason whatsoever, the requirements of Rule 4001(a)(3) shall be waived and Movant, its successors, transferees, and/or assigns, shall be

authorized to enforce its lien rights and pursue its statutory and contractual remedies to gain possession of the property located at 903 West Plummer Street, Eastland, Texas 76448, and more fully described as follows:

> BEING LOT 1, BLOCK 29, DAUGHERTY'S ADDITION TO THE CITY OF EASTLAND, EASTLAND COUNTY, TEXAS, AS PER THE OFFICIAL PLAT OF SAID ADDITION RECORDED IN SLIDE 173, EASTLAND COUNTY PLAT CABINET RECORDS.

6. **Post-Termination Loss Mitigation Contact:** In the event that the automatic stay is terminated at a later date, Movant may exercise its remedies available under state law, including foreclosure of its mortgage against the Debtors' interest in the Property and, in exercising those rights, Movant may contact the Debtors by telephone or by written correspondence. Movant may at its option offer, provide and enter into a forbearance agreement, loan modification, refinance agreement or other loan workout / loss mitigation agreement.

7. **Court Approval of Future Mortgage Loan Modifications or Agreements:** The Debtors shall be solely responsible for obtaining court approval of any future mortgage loan agreements or modifications which constitute the incurrence of debt, and the Debtors shall be responsible for providing notice to the Court, the Chapter 13 Trustee, the United States Trustee, and other persons requesting notice, of any mortgage loan agreements or modifications which increase or reduce the Debtors' disposable income and/or which affect the ability of the Debtors to perform under the Chapter 13 Plan.

8. **Effect of Non-Sufficient Funds:** Any check tendered to Movant by Debtors or any payment hereunder which is returned by Debtors' bank for any reason shall not be deemed a timely payment under this Agreed Order.

9. **Dismissal/Conversion:** In the event that this case is dismissed, for any reason

whatsoever, the repayment terms set forth in this Agreed Order regarding principal, interest, taxes and insurance shall immediately be in all things null and void. In the event that this case is converted to a proceeding under Chapter 7 of the United States Bankruptcy Code, then all arrearages due under the Note shall be deemed due upon such conversion, the 11 U.S.C. §362(a) and §1301, if applicable, stay shall terminate without further notice or order of the Court, and Movant shall be free to exercise any rights granted to it by the loan documents with respect to the Property, including, but not limited to, the initiation and completion of foreclosure of the Property. In the event that this case is dismissed for any reason whatsoever, the stay is terminated as to Movant by operation of law or entry of further order of the Court or default under the terms of this Order, or in the event that this case is converted to a proceeding under Chapter 7 of the United States Bankruptcy Code, all provisions contained in this order that address attorneys' fees, costs, in rem relief, prohibitions against refiling for relief for a designated period or by specified persons, receipt of non-sufficient funds, preservation of the Property, or timeliness of payments shall remain in full force and effect and the parties to this Order expressly agree to be bound thereby.

### ###END OF ORDER###

**AGREED TO AND APPROVED BY:**

By:/s/ Grant M. Tabor  
    Grant M. Tabor, SBOT 24027905  
    **ATTORNEY FOR MOVANT**  
    550 Westcott, Suite 560  
    Houston, Texas 77007  
    Telephone: (713) 293-3637  
    Facsimile: (713) 293-3636  
    ***Mailing Address***  
    4375 Jutland Drive, Suite 200  
    P.O. Box 17933  
    San Diego, CA 92177-0933  

By:/s/ Pamela J. Chaney  
    Pamela J. Chaney  
    **ATTORNEY FOR DEBTORS**  
    Pamela Jean Chaney  
    Monte J. White & Associates, P.C.  
    American State Building  
    402 Cypress, Ste. 310  
    Abilene, TX 79601  
    Telephone: (325) 673-6699  
    Facsimile: (325) 672-9227